**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ZOYIR ABDUVOYIT UGLI** | § | |
| **KHABIBOV,** | § | |
| **Petitioner,** | § | |
| | § | |
| | § | **EP-26-CV-00706-DB** |
| **v.** | § | |
| | § | |
| | § | |
| **PAMELA BONDI**, *Attorney General of the* | § | |
| *United States, et al.*, | § | |
| **Respondent.** | § | |

**<u>ORDER</u>**

On this day, the Court considered the above-captioned case. On March 11, 2026, Petitioner

Zoyir Khabibov filed a "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," ECF

No. 1. Petitioner is currently detained at the Camp East Montana detention facility in El Paso,

Texas in the Western District of Texas. *Id.* at 2. He argues his detention is unlawful and asks the

Court to order his release. *Id.* at 25. On March 12, 2026, this Court ordered that Respondents shall

not (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any

facility outside the boundaries of the El Paso Division of the Western District of Texas, until the

Court orders otherwise or this case is closed. ECF No. 3 at 3.

Petitioner is a citizen of Uzbekistan who entered the United States in 2023. ECF No. 1 at

15. Based on the Petition, it appears Petitioner either presented himself or was otherwise

apprehended near the port of entry upon arrival. *Id.* Thereafter, Respondents initiated removal

proceedings under 8 U.S.C. § 1229a and issued Petitioner a Notice to Appear. *Id.* Petitioner was

later released on his own recognizance. ECF No. 5 at 4. On January 14, 2026, Petitioner was re-

arrested and placed in Department of Homeland Security ("DHS") custody. ECF No. 1 at 15.

Petitioner asserts, among other things, that his re-detention without an individualized hearing justifying his detention violates the Fifth Amendment's Due Process Clause. *Id.* at 21–24.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025) (holding that petitioner, who was re-detained after being released on his own recognizance, was entitled to an individualized hearing justifying his detention); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506 (W.D. Tex. Feb. 9, 2026) (holding that petitioner, who was re-detained after being released on humanitarian parole, was entitled to an individualized hearing justifying his detention). The Court previously noted it appears from the writ that it should be granted. *See* ECF No. 3 at 2. Nonetheless, this Court afforded Respondents three days to respond as to why it should not be, and directed that in so doing, "Respondents should avoid boilerplate arguments this Court has already rejected in one of many immigration habeas cases to date. Absent any new authority, Respondents can safely assume the Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome." *Id.*

Yet, in their response, ECF No. 5, filed on March 17, 2026, Respondents fail to discuss any of the Court's previous procedural due process decisions or offer any meaningful reasons why this case warrants a different outcome. Instead, Respondents offer the same template arguments this Court has already rejected. *Compare* Response, ECF No. 8 *with Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) (rejecting Respondents' argument that Petitioner is receiving or has received due process afforded through removal proceedings in immigration court); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506 (W.D. Tex. Feb.

9, 2026) (rejecting Respondents' argument that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1) as a noncitizen initially placed in expedited removal proceedings, then transferred to full removal proceedings after establishing a credible fear of persecution or torture); *Morales-Quirino v. De Anda-Ybarra,* No. EP-26-CV-00323-DB (W.D. Tex. Feb. 17, 2026) (rejecting Respondents' argument that the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) forecloses petitioner's procedural due process challenge); *Rodriguez v. Bondi*, No. EP-26-CV-00292 (W.D. Tex. Feb. 25, 2026) (rejecting Respondents' argument that, pursuant to the immigration entry fiction, petitioner is treated as though stopped at the border and entitled to only those rights afforded by statute); *Diaz Yanez v. Noem*, No. EP-26-CV-486 (W.D. Tex. March 4, 2026) (rejecting Respondents' argument that petitioner's procedural due process claim is foreclosed by the Supreme Court's decision in *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003)). The Court understands it is Respondents right to preserve their arguments for appeal. However, for the present purposes, they have made no new legal arguments nor any effort to distinguish the facts of this case. As such, the same result is warranted in this case.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b),  **IT IS HEREBY ORDERED** Petitioner Zoyir Khabibov's "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," ECF No. 1, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL** (1) provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; **OR** (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings **no later than March 23, 2026.**[1]

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory either (1) informing the Court, in detail, of the reasons for the immigration judge's bond hearing decision held in accordance with the preceding line order, or (2) informing the Court of Petitioner's release **no later than March 26, 2026.**

**IT IS FURTHER ORDERED** that if Petitioner is released from custody, Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FURTHER ORDERED** that, following Petitioner's bond hearing or release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **no later than April 2, 2026.**

**IT IS FURTHER ORDERED** that Petitioner's Application for a Temporary Restraining Order, ECF No. 2, is **DENIED AS MOOT**.

---

[1] Respondents are forewarned that a proceeding where an immigration judge denies bond for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with the instant Order. In such event, release from custody is *required*.

**IT IS FINALLY ORDERED** that the District Clerk's Office **SHALL OVERNIGHT MAIL** a copy of this order to Petitioner Zoyir Khabibov at ERO Camp East Montana, 6920 Digital Road, El Paso, Texas 79936, or whatever address is on file.

**SIGNED** this **18th** day of **March 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**